No.——

First Circuit

---

SCHWING & LOSEE v. KUSHNER & SON

---

(Jan. 7, 1927.  Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digset—Appeal—Par. 625.**

The finding of the trial judge on matters of fact, credibility of witnesses, and

surrounding circumstances being clearly correct is affirmed.

Appeal from District Court of Calcasieu Parish. Hon. Thos. F. Porter, Judge.

Action by Schwing & Losee against E. Kushner & Son.

There was judgment for defendants and plaintiffs appealed.

Judgment affirmed.

W. C. Braden, of Lake Charles, attorney for plaintiff, appellant.

Cline & Plauche, of Lake Charles, attorneys for defendant, appellee.

LECHE, J. The plaintiffs are sheet metal workers and the defendants are manufacturers of dressed lumber, and the question submitted for decision in this case, is whether a particular stipulation was or was not part of a verbal contract entered into between the parties.

Defendants operate a lumber plant, and realizing that their planing mill was too small and of insufficient capacity to meet the demands in their business, bought a larger one, having double the capacity, so that they might thereby double or treble their output of dressed lumber according to their needs. It seems that it is customary and even necessary in order to efficiently operate a planer to erect in connection therewith a blowpipe, or more properly, a suction pipe system by which all the shavings and sawdust caused by the operation of the planer, are carried away. Defendants' small planer was thus provided and equipped, and when they erected and put in place the larger planer which they had bought, it became necessary to also equip it with a suction system. With this idea in view, the defendants employed plaintiffs to do the work.

The present suit is to recover from the defendants one hundred and twenty-seven dollars alleged to be the value of plaintiffs' services in doing the work. Plaintiffs' contention is that they were employed simply to connect the new and larger planer with the blowpipe system already atached to the small planer. Defendants on the other hand contend that plaintiffs were employed to provide them an efficient blowpipe system which could serve either of the planers, separately, or both of them together when operated at the same time. They further contend that they have no technical knowledge of blowpipes, that the junior member of plaintiffs' firm was by the senior member thereof represented to them as an expert in that particular line of machinery, and that relying upon his skill and knowledge they entrusted plaintiffs with the work.

Plaintiffs concede that the blowpipe system as connected by them is insufficient to serve both of the planers when operated at the same time, and they say that they so informed the defendants. Defendants deny that any such information was ever conveyed to them.

All the parties to this litigation reside at Lake Charles, in the same community as the trial udge. In adjusting their differences much depends upon the credibility of the witnesses. The trial judge believed that the case was with the defendants and he refused and dismissed the demand of plaintiffs. Of course in cases of this kind where the truth is much involved in doubt, the safer rule is to affirm; but in this instance, it seems to us that there is additional reason why the findings of the trial judge should be affirmed.

The position of plaintiffs, that they were to connect the new planer with the blow-

pipe that had already been installed in connection with the small planer, regardless of the efficiency of the system, is not reasonable. Nor is it reasonable that defendants would have permitted the plaintiffs to do the work, if they had been warned, as claimed by plaintiffs, that the system would not be sufficient to serve both planers at the same time. Again, it appears that the work done by plaintiffs would not even serve the larger planer, alone, or account of the faulty manner in which the connections were made.

We believe the trial judge properly disposed of all the issues in this case.

The judgment appealed from should be affirmed, and

It is so ordered.